REDMANN, Chief Judge.
We granted certiorari to review the trial court’s dismissal of a prosecution reinsti-tuted after nol pros. We now set the dismissal aside and remand to allow the state to produce evidence that the nol pros was the result of being unprepared for trial because of the defendant’s counsel’s having advised the state that his client would plead guilty and therefore trial would be unnecessary.
The state’s application asserts that then defense counsel Wilfret McKee informed the assistant district attorney that Wells would plead guilty as charged at the time set for motions and trial on July 30, 1984. On July 30, the defense attorney was absent. The court inquired of the assistant district attorney, “It’s my understanding, Mr. Johnson, that there is a plea that’s going to be worked out in this case? A. Your honor, today was the day in which the defendant was supposed to plea.” The trial judge ordered Wells to appear the next day with counsel. The next day McKee did appear in court but, the state’s application alleges, he informed the state that Wells had changed his mind and did not intend to plead guilty. The trial judge ordered the state to trial, the application avers. The state entered a nolle prosequi and informed the court of its intention to reinstitute the charges. (A minute entry states that “The Court advised the State they shall be held in contempt if proceedings are reinstitut-ed.”)
The charges were reinstituted. Wells was again arraigned on September 5. Craig Colwart was appointed to represent the defendant and the case was set for motions and trial on September 10. The defendant filed an oral motion to quash, arguing that the defendant’s right to a speedy trial had been denied by the state’s actions in nol-prossing the charge in order to avoid going to trial and then reinstitut-ing it. This motion was granted by the trial judge, and we granted certiorari on the state’s application.
I.
The defendant’s right to a speedy trial was not violated. C.Cr.P. art. 701(D) provides:
“After the filing of a motion for a speedy trial by the defendant, the time period for commencement of trial shall be as follows:
“(1) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.” (Underscoring added.)
Defendant never filed a motion for a speedy trial.
II.
Nor did the state improperly nol-pros to avoid going to trial within the prohibition of C.Cr.P. 576. Under art. 576, the state is permitted to file new charges, except that, in the ease of the DA’s dismissing a prosecution, he may not institute new proceedings “unless the state shows that the dismissal was not for the purpose of *650 avoiding the time limitation for commencement of trial established by Article 578.”
Art. 578’s time limitation is “two years from the date of institution- of the prosecution,” which was May 14, 1984, from which two years is May 14, 1986. Thus it is indisputable that the state did not dismiss to avoid, art. 578’s time limitation.
III.
The trial judge rightly recognized his sometimes unpopular responsibility to prevent abuse of an accused by the state’s prosecutorial power. No society that believes itself free could tolerate a prosecutor’s prosecuting an accused up to the date set for trial, then dismissing the charge, then reinstituting it and prosecuting it again until trial date, dismissing it again— and again. Even once is too much.
But the state’s application avers a pre-trial assertion by defendant’s then counsel that defendant would plead guilty. A plea would, of course, have made trial unnecessary and therefore the state may have acted reasonably in being unprepared for a trial that was not to take place, especially in respect to its failure to pursue the defendant’s court-ordered specimen of defendant’s handwriting that defendant never provided.
The transcript shows that the trial judge dismissed the reinstituted charge without affording the state the opportunity to present evidence justifying the reinstitution after nol pros. We remand to allow the state to present its evidence, with instructions that if the state establishes former defense counsel had indeed advised the state that defendant would plead guilty, and defendant’s change of mind was not communicated to the state until the day set for trial, then the reinstitution of the charge should be allowed. To rule otherwise would oblige the state in the case of an anticipated plea to subpoena witnesses for a trial that is not supposed to be held, in order to protect against the possibility (not here suggested) of unscrupulous counsel’s setting an ambush for the state.
Remanded.