831 So.2d 358 (2002)
STATE of Louisiana
v.
Mustafa H. MUHAMMAD.
No. 02-KA-338.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 2002.
Margaret S. Sollars, Thibodaux, LA, for Appellant Mustafa H. Muhammad.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Alan D. Alario, II, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, State of Louisiana, Gretna Courthouse, Gretna, LA, for Appellee State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS and HENRY G. SULLIVAN, JR., Pro Tempore.
JAMES L. CANNELLA, Judge.
The Defendant, Mustafa H. Muhammad, appeals from his enhanced sentence as a fourth felony offender. We vacate the enhanced sentence, reinstate his original sentence and remand.
This is the Defendant's second appeal in this case. He was charged by bill of information with 17 counts of Access Device Fraud in violation of La.R.S. 14:70.4. A six person jury found him guilty as charged on all counts. On April 9, 1999, the trial judge sentenced the Defendant to two years imprisonment at hard labor on counts one through 16, with the sentences to run concurrently. On count 17, the trial court sentenced him to two years at hard labor, to run consecutively with the other sentences.
On the day of sentencing, the State filed a habitual offender bill of information alleging the Defendant to be a third felony offender. He denied the allegations in the bill. On April 23, 1999, the Defendant filed written objections to the habitual offender bill of information. On August 9, 1999, a habitual offender hearing was held, after which, the trial judge found the Defendant to be a fourth felony offender and assigned written reasons. The trial judge then vacated the sentence on count one and imposed an enhanced sentence of life imprisonment at hard labor, without benefit of parole, probation or suspension of *359 sentence.[1] The Defendant appealed his convictions and sentences to this Court.
In the original appeal, the Defendant asserted that the trial judge erred in denying his pre-trial motions to suppress evidence and statements, that the trial judge improperly allowed the admission of other crimes evidence at trial, that the evidence at trial was insufficient to support his conviction, and that the State failed to properly prove his habitual offender status. In an unpublished opinion, this Court affirmed the Defendant's convictions and original sentences, vacated the habitual offender finding, reinstated the original sentence as to count one, and remanded the case for further proceedings.[2] The habitual offender sentence was vacated because the trial judge found the Defendant to be a fourth felony offender, although he was charged as a third felony offender, the habitual offender bill alleged only two prior felonies and the State presented evidence at the hearing of only three prior felony convictions. This Court noted that, while a minute entry recited that the State amended the habitual offender bill prior to the hearing, there was no amended bill in the record and an appellate court is precluded from considering evidence that is not part of the record. The Defendant applied for writs to the Louisiana Supreme Court, on February 8, 2002.[3]
The Louisiana Supreme Court remanded the case on March 27, 2001 and the State filed an amended habitual offender bill of information, alleging the Defendant to be a fourth felony offender. On the same day, the Defendant filed a pro se Motion to Quash Multiple Bill of Information, contending that the predicate guilty pleas alleged by the State were not knowing and voluntary. On April 6, 2001, the Defendant was advised of the allegations in the bill and he denied them. On April 26, 2001, the Defendant, through counsel, filed another Motion to Quash the Multiple Bill, arguing that he had completed his term of imprisonment and that the State could not seek to enhance a sentence which he had already served. A hearing was held on April 27, 2001. The parties argued the issues raised in the Defendant's counsel's Motion to Quash the Multiple Bill, but not the ones in the pro se motion. The trial judge denied the motion, finding that the State filed the amended habitual offender bill timely. The Defendant made an oral motion for appeal, which was granted that day. Thereafter, on May 18, 2001 a hearing on the habitual offender bill of information was held. At that time, the State moved the trial judge to adopt the testimony and evidence presented at the earlier habitual offender hearing. The Defendant objected and requested a full hearing. The trial judge granted the State's motion and, based on the evidence from the first habitual offender hearing, found the Defendant to be a fourth felony offender. The trial judge vacated the original sentence on count one and sentenced the Defendant to life imprisonment, without benefit of probation or suspension of sentence.[4] The Defendant orally moved for appeal. The trial judge then issued written reasons for *360 his finding and enhanced sentence pursuant to La.R.S. La.R.S. 15:529.1D(3).
On appeal, the Defendant asserts that the trial judge erred in sentencing him as a fourth felony offender. The Defendant contends that the bill of information was not filed timely, because he had been released from custody at the time when the bill was filed. Alternatively, he argues that the State failed to bear its burden of proof on the three predicate felonies.
We pretermit addressing the Defendant's issues. In our patent error review pursuant to La.C.Cr.P. art. 920, we discovered that the trial judge based his finding and enhancement of sentence on evidence submitted in the first habitual offender hearing over the objection of the Defendant. This is reversible error.
A defendant who is alleged to be a habitual offender has the right to remain silent, and the right to a hearing at which the state must prove the allegations in the habitual offender bill. La.R.S. 15:529.1D(1)(a). R.S. 15:529.1D(1)(a) and (b) state:
(a) If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony ... the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction ... or adjudication of delinquency. Whereupon the court in which the subsequent conviction was had shall cause the person ... to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and he shall be given fifteen days to file particular objections to the information, as provided in Subparagraph (b). The judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, or adjudicated a delinquent for an offense or offenses specified above as set forth in the information.
* * * * *
(2) Following a contradictory hearing, the court shall find that the defendant is:

* * * * *
(c) A fourth offender, upon proof of three or more prior felony convictions or adjudications of delinquency as authorized in Subsection A, or any combination thereof. [Emphasis added]
Accordingly, we hereby vacated and set aside the finding as a fourth felony offender and enhanced sentence, reinstate the original sentence and remand the case.
FINDING AS A FOURTH FELONY OFFENDER AND ENHANCED SENTENCE VACATED; CASE REMANDED.
NOTES
[1] The imposition of the sentence without benefit of parole was incorrect under La. R.S. 15:529.1(G).
[2] State v. Muhammad, 00 KA 1239 (La.App. 5th Cir.2/14/01), 786 So.2d 985.
[3] State v. Muhammad, 2001 KO 0984 (La.2/8/02), 807 So.2d 862.
[4] The transcript reflects that the trial judge correctly ordered the Defendant's sentence to be served without benefit of probation or suspension of sentence, per R.S. 15:529.1(G), but the commitment incorrectly adds "without___parole."