11 BROWN, C.J.
Defendant, John H. Freeman, was convicted of the second degree murder of Telvis Tippit and sentenced to life imprisonment without benefit. On appeal, defendant’s only assignment of error pertains to the denial of his motion to quash the indictment for failure to timely prosecute. We affirm defendant’s conviction and sentence.

Brief Procedural Synopsis

Tippit was killed on June 13, 1999[1]. Prosecution was instituted when defendant was indicted for second degree murder on July 30, 1999. Trial was set and continued several times, three at defendant’s request.
On December 18, 2000, a superseding indictment was filed. On May 31, 2001, defendant waived formal arraignment on the superseding indictment and entered a plea of not guilty. On December 19, 2001, defendant filed a motion to quash the indictment urging, that two years had lapsed since the first indictment was filed on July 30, 1999, and the state had failed to bring him to trial. On January 7, 2002, a supplemental motion to quash was filed by defendant in which he reiterated that two years had | ^passed since the filing of the original indictment and alleged that one year had passed since the filing of the second/superseding indictment without his being brought to trial.
The trial court denied the motion to quash, and writs were taken to this court, which stated, “[0]n the showing made, the exercise of our supervisory jurisdiction is not warranted.” Trial commenced on June 17, 2002. A guilty verdict was returned on June 21, 2002.

Discussion

A motion to quash is the proper procedural vehicle for a defendant to allege that the time limitation for the commencement of trial has expired. La. C. Cr. P. Art. 532(7); State v. Morris, 99-3235 (La.02/18/00), 755 So.2d 205. The responsibility of proving timely prosecution rests with the state. State v. Oliver, 34,292 (La.App.2d Cir.05/09/01), 786 So.2d 317. La. C. Cr. P. art. 578 provides that no trial shall be commenced for a non-capital felony case after two years from the date of institution of the prosecution.
The phrase “institution of prosecution” is defined as “the finding of an indictment ... which is designed to serve as the basis of a trial.” La. C. Cr. P. Art. 934(7); State v. Oliver, supra; State v. Pratt, 32,302 (La.App.2d Cir.09/22/99), 748 So.2d 25.
The state is permitted to dismiss an indictment and institute new proceedings if it shows the dismissal was not for *1090 the purpose of avoiding the time limitation for commencement of trial as established by Article 578. State v. Wells, 459 So.2d 648 (La.App. 4th Cir.1984).
| ^Defendant contends that the superseding indictment should not have been filed because the original indictment had not been dismissed and, on its face, the superseding indictment did not show that it was filed for a purpose other than avoiding the time limitations of La. C. Cr. P. art. 578. The state, however, asserts that it filed the superseding indictment for the legitimate purpose of correcting a possible illegal indictment and not in an attempt to circumvent the time limitations.
Defendant’s argument regarding the state’s motivation for filing the superseding indictment was raised for the first time in this court. Having reviewed the record, which does not include the transcript of the argument on the motion to quash (inasmuch as that portion was not designated by defendant), we find no support for defendant’s argument. At the time the superseding indictment was filed, the state still had seven months (from December 17, 2000 to July 29, 2001) in which to try defendant under the original indictment.[2] Furthermore, the state set forth a valid reason for the superseding indictment: to correct possible errors in the grand jury foreman selection process. During the pendency of the original indictment, the Ouachita Parish method of selecting grand jury forepersons was found defective. See State v. Divers, 34,748 (La. App.2d Cir.06/22/01), 793 So.2d 308, writ denied, 01-2544 (La.08/30/02), 823 So.2d 937.
The superseding indictment served as the basis of defendant’s trial. When it was filed in December 2000, the first indictment was implicitly dismissed. See State v. Anderson, 537 So.2d 1373, 1374-75 (Fla. 1989) | ¿(the filing of an amended bill of information purporting to be a complete restatement of the charges supersedes and vitiates an earlier bill of information). The filing of the superseding indictment was not for the purpose of circumventing the time limitation to commence the trial. Thus, the time limit started running anew. Trial was begun on June 17, 2002, clearly within the applicable two-year time constraints. We find no error in the trial court’s ruling denying defendant’s motion to quash.[3]

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.

. On June 13, 1999, police officers in Monroe, Louisiana, were dispatched to defendant’s residential area in response to gunshots heard. The officers were directed to defendant's backyard where they found the body of a black man (subsequently identified as Telvis Tippit) in the back of a pickup truck belonging to defendant. A neighbor testified that moments before the gunshots were heard, he had telephoned defendant to tell him that someone was in defendant’s backyard "messing with his dogs.” Defendant had two pit bulls and several pit bull puppies in pens in his backyard. A gun was found in defendant’s backyard. A shirtless defendant was found in his residence. Defendant was taken to police headquarters for questioning, and defendant’s home was searched. Clothing, including a shirt with damp blood, was found. The blood was later determined to be that of the victim. The pickup truck was locked, and defendant had the only set of keys. A towel with the victim's blood was found in the cab of the truck.

. We assume for sake of argument that nothing interrupted or suspended the running of the time limit.

. We also note that the filing of the motion to quash suspended the running of this time and triggered a one-year deadline following the denial of writs by this court on June 13, 2002.