880 So.2d 29 (2004)
STATE of Louisiana
v.
Mustafa MUHAMMAD.
No. 03-KA-419.
Court of Appeal of Louisiana, Fifth Circuit.
June 29, 2004.
*31 Paul D. Connick, Jr., District Attorney, Alan D. Alario, II, Terry Boudreaux, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
The defendant was convicted of 17 counts of access device fraud in violation of La. R.S. 14:70.4. He was adjudicated a multiple offender and sentenced to life in prison. In an unpublished opinion, this court affirmed his conviction of violation of La. R.S. 14:70.4, but set aside the multiple offender adjudication because of an error patent. On remand, the trial court adjudicated the defendant a multiple offender based on evidence submitted in the first habitual offender hearing. This Court found that to be reversible error in State v. Muhammad, 02-338 (La.App. 5 Cir. 10/16/02), 831 So.2d 358. Upon remand, the trial court held another hearing on the multiple offender indictment and the defendant was adjudicated a multiple offender and sentenced to life in prison. This Court vacated that sentence finding that the multiple offender proceedings had to be completed prior to the defendant's completion of his sentence on the underlying offense. State v. Muhammad, 03-419 (La. App. 5 Cir. 9/30/03), 857 So.2d 1223. The Supreme Court granted the State's writ of certiorari and held that there is no "bright line rule" for determining when multiple offender proceedings must be brought, overruling its previous opinions of State ex rel. Glynn v. Blackburn, 485 So.2d 926 (La.1986) (per curiam) and State ex rel. Williams v. Henderson, 289 So.2d 74 (La. 1974). The Supreme Court reinstated defendant's adjudication and life sentence as *32 a fourth felony offender and remanded to this Court for consideration of the other Assignments of Error raised in his last appeal to this Court.

ASSIGNMENTS OF ERROR:
On appeal, defendant complains that the State did not sufficiently prove the predicate offenses alleged in the habitual offender Bill of Information. The State responds that the evidence was sufficient to prove the predicate offenses.
To prove that defendant is a habitual offender, the State must establish the existence of the prior felony convictions, and that defendant is the same person convicted of those offenses. State v. Mims, 00-1507, p. 4 (La.App. 5 Cir. 12/26/01), 806 So.2d 760, 766, writ denied, 02-0466 (La.2/7/03), 836 So.2d 88. The State may establish this by various means, such as the testimony of witnesses to prior offenses, expert testimony matching fingerprints of the accused with those in the record of prior proceedings, or photographs contained in a duly authenticated record. State v. Manson, 01-159, p. 19 (La.App. 5 Cir. 6/27/01), 791 So.2d 749, 763.
When the State relies on a prior conviction that is based on a guilty plea to prove the defendant's habitual offender status, it has the burden of proving the existence of that guilty plea, and that the defendant was represented by counsel. If the State meets that burden, then the burden shifts to the defendant to produce some affirmative evidence of an infringement of his rights or of a procedural irregularity. If the defendant meets this burden, the burden shifts back to the State to prove the constitutionality of the plea. The State can meet this burden by producing a "perfect" transcript of the guilty plea colloquy. A "perfect" transcript is one that reflects a voluntary, informed, and express waiver of the constitutional rights expressed in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); the rights to trial by jury and confrontation, and the privilege against self-incrimination. Anything less than a "perfect" transcript, e.g., a guilty plea form, minute entry, or imperfect transcript, must be weighed by the trial judge, who makes a determination as to whether the defendant's prior plea was knowing and voluntary. State v. Shelton, 621 So.2d 769 (La.1993).
The amended habitual offender bill alleged three prior felony convictions:
(1) Case number XXXXXXX-X, Department Number 6 of the Superior Court of the State of California, County of Fresno. Defendant violated Section 459 of the California Penal Code, Second Degree Burglary, a felony, and pled guilty as charged on May 3, 1978. He was sentenced on January 5, 1982 to three years at hard labor.
(2) Case number CRS-89-357-01 of the docket of the United States District Court for the Eastern District of California. Defendant violated Title 18 United States Code, Section 2113(a), bank robbery, a felony, and pled guilty as charged on May 1, 1990. Defendant was sentenced on May 1, 1990 to 63 months at hard labor.
(3) Case number CR-83-305-ER of the docket of the United States District Court for the Central District of California. Defendant violated Title 18 United States Code, Section 2113(a), robbery of a savings and loan, a felony, and pled guilty as charged on July 29, 1983. Defendant was sentenced the same day to serve ten years at hard labor.
At the motion hearing on December 17, 2002, defendant did not challenge the sufficiency of the State's proof with regard to the 1978 conviction. A review of the evidence *33 shows that the State provided sufficient proof as to that conviction.
As to the 1983 predicate conviction, defendant argued below that the State did not provide sufficient proof of identity. Defendant also argued that the State did not prove a knowing and voluntary guilty plea, as it did not produce a Boykin transcript. The State countered that it had met its initial burden under Shelton, and that the defense had not met its burden of showing some affirmative evidence of infringement of his rights, or of procedural irregularity. On appeal, defendant asserts that proof as to the 1983 predicate conviction was insufficient in that the State failed to produce a Boykin transcript, that it did not prove he was represented by counsel at the time of that guilty plea, and that the State's exhibits did not show a sentencing range.
In support of the alleged 1983 conviction for robbery of a savings and loan, the State offered State's Exhibit 4, in globo; and State's Exhibit 4A, in globo. Exhibit 4 is a certified copy of a set of FBI fingerprints labeled with the name Johnathan Williams. Williams' aliases are listed as Larry Reese and Hasson Fateen Mustafa. Exhibit 4A includes a grand jury indictment in case number CR-83-305-ER in the United States District Court for the Central District of California, charging Johnathan Williams a/k/a Hasson Fateen Mustafa with two counts of robbery of a savings and loan; a Judgment and Probation/Commitment Order dated July 29, 1983, indicating defendant pled guilty as charged, and was sentenced to ten years as to each count, the sentences to run concurrently; and a document entitled Criminal MinutesSentencing and Judgment. No guilty plea transcript is included in the exhibit. The trial court found the evidence was sufficient proof as to that conviction. However, we find the State failed to meet its initial burden of proof under Shelton in the 1983 predicate offense.
There is nothing in the court minutes to show that defendant was advised of his Boykin rights at the time of his guilty plea, and that he knowingly and voluntarily waived those rights. There is a document in Exhibit 4A entitled Statement of Defendant's Constitutional Rights. It contains an explanation of the three Boykin rights, and bears the signature "Hason F. Mustafa." This document was given to defendant at the time of his arraignment, and not at the time he entered his guilty plea. Defendant indicated on the document that he was not represented by an attorney at that time.
We find that the State failed to meet its initial burden of proof with respect to proof of identity. The State was required not only to link the FBI fingerprint card to defendant, but to link the fingerprint card to the materials in Exhibit 4A and, thus, to the 1983 offense. The small amount of information linking defendant to the 1983 offense is insufficient to satisfy the State's burden. This Court has found sufficient linkage where the State connects the fingerprint card to the arrest register and/or the Bill of Information by way of matching police item numbers, Bureau of Identification numbers, social security numbers, addresses, employers, and docket numbers. See, State v. Breaux, 00-236, pp. 8-9 (La.App. 5 Cir. 8/29/00), 767 So.2d 904, 909-910, writ denied, 00-2874 (La.6/29/01), 794 So.2d 808.
Neither Exhibit 4 nor Exhibit 4A contains the name Mustafa Muhammad. Both exhibits bear the names Johnathan Williams and Hason Fateen Mustafa. Additionally, both exhibits show that the charged offense is robbery. The fingerprint card gives the date of arrest as *34 4/6/83, and the Case Summary contained in Exhibit 4A gives the same date.
There is a discrepancy in the birth dates given in these exhibits. The defendant's birth date is given in Exhibit 4 as 4/1/60, whereas in Exhibit 4A, a document entitled Case Summary gives the defendant's date of birth as 4/1/62. Another document in Exhibit 4A, a Report Commencing Criminal Action, gives a birth date of 4/1/63. Defendant's birth date, as provided in the amended habitual offender bill in the instant case, is March 3, 1958. A social security number is given in Exhibit 4, but none is found in Exhibit 4A with which to compare it.
Although one of defendant's alias names appears in the Exhibit 4A documents, the date of arrest is the same as on the fingerprint card, and the charge is the same, this is insufficient to link this defendant to that predicate offense.
Defendant further argues that the State provided insufficient proof as to the 1989 predicate in that it failed to provide court minutes or a Boykin transcript from the guilty plea. In support of the 1989 robbery conviction, case number CRS 89-357-01, the State produced State's Exhibit 3, a set of FBI fingerprints; and State's Exhibit 3A in globo, a federal grand jury indictment and attachments charging Hassan Fateen Mustafa with bank robbery. McKenzie testified that he compared the fingerprints in State's Exhibit 3 and State's Exhibit 6, and that, in his opinion, they were made by the same person, defendant Muhammad.
Exhibit 3A contains a sentencing form indicating defendant was represented by counsel and entered a guilty plea. In Shelton, supra, the Supreme Court stated in dicta that in federal and non-Louisiana convictions based on guilty pleas sought to be used to enhance a defendant's sentence as a habitual offender, the State is required only to prove the conviction by a plea of guilty with representation by counsel. The defendant then has the burden of proving that he did not waive his constitutional rights in making the plea. While the defendant claims there was no knowing and intelligent waiver of his rights in entering this guilty plea, he has presented nothing to support his claim. Defendant had the right to testify concerning the circumstances surrounding the taking of his guilty plea in order to meet his burden of proving the plea was invalid. Id. at 779 footnote 8. Instead, defendant presented no evidence that the plea was invalid.
Although we find the linkage between the fingerprint card (Exhibit 3) and the documentation in Exhibit 3A to be scant, it is sufficient to link the defendant to this offense. The name on the finger print card is Hassan Fateen Mustafa, one of defendant's known aliases. The offense, bank robbery, is listed on both the fingerprint card and the court documents in Exhibit 3A. The defendant's Social Security number is the same in Exhibits 3 and 3A.
Based on the foregoing, we find that the State provided sufficient evidence to support only two prior convictions, the one obtained in 1978 and the one obtained in 1989. We, therefore, amend the trial court finding that defendant committed three prior felonies and find for the purpose of habitual offender sentencing the defendant is adjudicated a third offender.
In his third Assignment of Error raised on his last appeal to this court, relying on State v. Uqdah, 613 So.2d 1113, 1114 (La.App. 5 Cir.1993), defendant argues that error patent was committed because no multiple bill was filed into this record, thus making the latest habitual offender sentence invalid.
*35 In Uqdah, defendant was sentenced under the habitual offender law to eight and one-half years at hard labor. In an error patent review, this Court noted that the record did not contain a Bill of Information charging defendant as a multiple offender. This Court found that, since there was no multiple bill, the prior conviction could not be used to enhance the sentence for the present conviction. We vacated the sentence and remanded to the trial court for resentencing.
In the instant case, as the State noted in its brief, the amended multiple bill filed on March 27, 2001 is contained in record number 02-KA-338, which is an exhibit of the record in this case, number 03-KA-419. As such, it appears that Uqdah is distinguishable from this case and, therefore, is inapplicable.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals errors patent in this case.
A multiple offender Bill of Information was filed against defendant. When a multiple offender Bill of Information is filed, LSA-R.S. 15:529.1(D)(1)(a) provides that the trial court shall order the defendant to appear before it and shall inform him of the allegation contained in the Bill of Information and of his right to be tried as to the truth thereof according to law, and shall require the offender to say whether the allegations are true. The statute also requires that the court advise the defendant of his right to remain silent.
In the instant case, the trial court failed to advise defendant of his multiple bill rights on the record. However, in State v. Dearmas, 606 So.2d 567, 569 (La.App. 5 Cir.1992), overruled on other grounds in State v. Davis, 01-123 (La.App. 5 Cir. 7/30/01), 792 So.2d 126, 131, this Court held that the failure of the trial court to advise the defendant of his right to a trial and to remain silent was harmless error where the multiple offender status was established by competent evidence offered by the State at the hearing, rather than by admission of the defendant.
In the instant case, defendant denied the allegations of the multiple bill, and the State presented competent evidence at a hearing to establish defendant's multiple offender status. As such, we find that the trial court's failure to advise defendant of the specific allegations against him and of his right to be tried and to remain silent was harmless error. See, State v. Brooks, 00-953, p. 6 (La.App. 5 Cir. 2/11/03), 841 So.2d 854; State v. Ruffin, 02-798 (La.App. 5 Cir. 12/30/02), 836 So.2d 625; State v. Knight, 01-881 (La.App. 5 Cir. 2/13/02), 811 So.2d 947, 949; State v. Haywood, 00-1584 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 583.

CONCLUSION:
The State presented sufficient evidence to show that the defendant had two prior felony convictions. Thus, we find the defendant to be a third felony offender. Under the existing law at the time of defendant's current offense a life sentence was mandatory for a third felony offender when one of the predicate crimes was a crime of violence, therefore, the defendant's habitual adjudication is amended, but his life sentence is affirmed.
MULTIPLE OFFENDER ADJUDICATION AMENDED; SENTENCE AFFIRMED.