886 So.2d 1130 (2004)
STATE of Louisiana
v.
Taisi J. ALO.
No. 04-KA-62.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 2004.
*1131 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Juliet Clark, Martin Bellanger, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Jane L. Beebe, Gretna, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Defendant, Taisi Alo, was charged in a bill of information on April 16, 2003 with possession of alprazolam in violation of LSA-R.S. 40:969(C). He pled not guilty and filed several pretrial motions, including a motion to suppress the evidence, which was denied prior to trial. He proceeded to trial on October 20, 2003, and a six-person jury found him guilty as charged on October 21, 2003. Defendant was sentenced to five years at hard labor.

FACTS
At approximately 4:50 a.m. on April 1, 2003, Deputy John Terranova with the Kenner Police Department responded to a disturbance call at the Juke Box restaurant on Williams Blvd. When he entered the restaurant, he observed defendant slumped over at the bar asleep with his head in a plate of food. Deputy Terranova woke defendant, had him pay for his meal, and escorted him outside to further investigate the matter. According to Deputy Terranova, defendant did not know where he was or what was going on. Deputy Terranova asked him for identification, which defendant had to retrieve from his wallet inside his cab that was parked at the restaurant. When defendant retrieved his wallet, Deputy Terranova observed a clear plastic bag containing green vegetable-like matter in the car. Deputy Terranova retrieved the bag and arrested defendant.
Defendant was transported to the Kenner jail where he was searched by Deputy Michael Lacrouts. Deputy Lacrouts found two white tablets in the left front pocket of defendant's pants. The pills later tested positive for alprazolam.
At trial, defendant testified he suffered from back problems resulting from three separate car accidents. He stated he obtained the pills from a friend to relieve his back pain. He paid $5 for the pills. Defendant testified he was unaware what the pills were, but his friend told him the pills would help the pain and help him sleep. He stated he took one-fourth of one pill, which knocked him out, approximately ten minutes before he was arrested.

DISCUSSION
In his sole assignment of error, defendant argues that the evidence was insufficient to support his conviction for possession of alprazolam. He contends that the State failed to prove he had knowledge that the pills were illegal anxiety medication. He asserts that he believed the pills were simply medication for back pain. Defendant concedes the State proved the possession element but alleges the State failed to prove the necessary criminal intent.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements *1132 of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Under Jackson, a reviewing court does not ask itself whether it believes the evidence at trial established guilt beyond a reasonable doubt but whether a rational trier of fact could have reasonably found defendant guilty beyond a reasonable doubt. In applying this standard, the reviewing court does not assess the credibility of witnesses, nor reweigh evidence. State v. Bradley, 03-384 (La.App. 5 Cir. 9/16/03), 858 So.2d 80, 84, writ denied, 03-2745 (La.2/13/04), 867 So.2d 688.
Alprazolam is a controlled dangerous substance classified in Schedule IV. LSA-R.S. 40:964. Possession of alprazolam is defined in LSA-R.S. 40:969(C), which provides that it is unlawful for any person to knowingly or intentionally possess a controlled dangerous substance as classified in Schedule IV. To support a conviction for possession of a controlled dangerous substance, the State must prove that the defendant was in possession of the illegal drug and that he knowingly possessed the drug. State v. Chisley, 03-426 (La.App. 5 Cir. 10/15/03), 860 So.2d 45, 48, writ denied, 03-3358 (La.4/2/04), 869 So.2d 874.
Guilty knowledge is an essential element of the crime of possession of a controlled dangerous substance, and such knowledge may be inferred from the circumstances. Id. Whether an accused knows a substance he possesses is a narcotic drug is a matter of proof by direct or circumstantial evidence. State v. Goiner, 410 So.2d 1085, 1087 (La.1982); State v. McMooain, 95-2103 (La.App. 1 Cir. 9/27/96), 680 So.2d 1370, 1373. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Bradley, supra at 84. The rule of circumstantial evidence is that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." LSA-R.S. 15:438.
In the instant case, the evidence of the defendant's guilty knowledge is circumstantial. Defendant testified that he thought the pills he obtained from his friend were back pain pills and did not know they were actually alprazolam. Although defendant stated he suffered from back pain and had taken prescription medication in the past for the pain, he admitted he did not have a current prescription for any type of pain medication. He testified that, on the night of his arrest, he specifically went to a bar looking for his friend, Nino, in order to get pills. He knew Nino had pills because he had seen Nino give them to other people in the bar. Defendant stated he paid Nino $5 for the pills. It is reasonable to infer from these facts that defendant intended to possess a controlled dangerous substance for which he did not have a prescription.
Additionally, the jury heard evidence of defendant's prior convictions which included first degree burglary, possession with intent to distribute marijuana, attempted distribution of marijuana, possession of PCP, and unauthorized use of a moveable valued over $500. Defendant's credibility was also questioned when he admitted he failed to accurately answer a legal questionnaire in connection with his accidents. On the questionnaire, defendant indicated he had not been in a prior accident, which was contrary to the truth.
The record supports a finding that defendant knowingly possessed a controlled dangerous substance. Defendant conceded and the evidence supports he was in actual possession of the alprazolam and the factual circumstances surrounding defendant's *1133 possession support the jury's conclusion that defendant knowingly possessed the controlled dangerous substance. Therefore, the State sufficiently proved all the essential elements of possession of alprazolam. Accordingly, this assignment of error is without merit.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). This review revealed one patent error.
The trial court failed to advise defendant of the prescriptive period for filing an application for post-conviction relief as required by LSA-C.Cr.P. art. 930.8, which provides that a court shall not consider an application for post-conviction relief filed more than two years after the judgment of the conviction and sentence has become final. Accordingly, we remand the case and order the trial court to send defendant written notice of the two-year prescriptive period for post-conviction relief within ten days of the rendering of the appellate opinion and to file written proof in the record that defendant received the notice. See State v. Lee, 03-901 (La.App. 5 Cir. 12/9/03), 864 So.2d 654, 661.

DECREE
For the reasons set forth above, we affirm the defendant's conviction and sentence for possession of alprazolam. We remand to the trial court to send notice to the defendant of the two-year prescriptive period for filing post-conviction relief.
AFFIRMED; REMANDED WITH INSTRUCTIONS.