948 So.2d 275 (2006)
STATE of Louisiana
v.
Taisi J. ALO.
No. 06-KA-473.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2006.
*276 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Megan L. Gorman, Martin Belanger, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Jane L. Beebe, Attorney at Law, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This is defendant's second appeal. In his first appeal, defendant's conviction for possession of alprazolam was affirmed.[1]State v. Alo, 04-62 (La.App. 5 Cir. 10/12/04), 886 So.2d 1130, writ denied, 04-2992 (La.3/24/05), 896 So.2d 1035. At the time of his first appeal, multiple offender proceedings were pending against defendant. In the multiple offender bill of information, filed January 22, 2004, the State alleged defendant to be a fourth felony offender based on two prior Louisiana convictions for violations of the controlled dangerous substance law, LSA-R.S. 40:966(A), and one prior Louisiana conviction for first degree robbery, LSA-R.S. 14:64.1. Defendant denied the allegations and filed a motion to quash the multiple bill on the grounds that the predicate convictions were based on invalid guilty pleas.
On June 15, 2005, a hearing was held on the multiple bill and on defendant's motion to quash the multiple bill. Although the multiple bill set forth three Louisiana guilty pleas as the predicate convictions, the three predicate convictions presented at the hearing included a burglary conviction from Hawaii and two Louisiana convictions for violations of the controlled dangerous substance laws. At the hearing, defendant argued against the use of the two Louisiana convictions and the Hawaii conviction on the basis that all *277 three predicates were based on invalid guilty pleas. After the hearing, the trial court took both matters under advisement.
On July 1, 2005, defendant filed a pro se written objection to the State's use of his Hawaii conviction as a predicate offense, asserting he was not advised of his rights prior to his guilty plea and that the proof of the conviction was inadequate. On November 16, 2005, the trial court ruled that the State could not use defendant's Hawaii conviction as a predicate offense, but for reasons other than those raised by defendant in his written objection. Specifically, the trial court ruled that defendant did not have notice of the Hawaii conviction because it was not listed as a predicate offense in the multiple bill. The trial court further concluded that defendant's stated objections were rendered moot by the ruling.
The next day, November 17, 2005, the State filed a second multiple bill of information again alleging defendant to be a fourth felony offender, but replacing one of the original Louisiana predicate convictions with the Hawaii conviction for first degree burglary.[2] On the same day, the State filed a supervisory writ with this Court challenging the trial court's ruling excluding the Hawaii conviction. In its writ application, the State argued that it met its burden of proving the validity of the Hawaii conviction under the requirements of State v. Shelton, 621 So.2d 769, 779-780 (La.1993), because the evidence submitted at the hearing was sufficient to prove the existence of the Hawaii guilty plea and that the defendant was represented by counsel. The State further argued that defendant never objected to lack of notice that the State would use the prior Hawaii conviction as a predicate offense. This Court granted the writ and stated that the trial court erred in excluding the Hawaii conviction, finding that, based on the writ application and attached exhibits, the State met its burden of proving the validity of defendant's predicate conviction from Hawaii and, thus, could use it as a predicate offense.[3] This Court did not address the lack of notice issue. The trial court's November 16, 2005 order prohibiting the use of the Hawaii conviction was set aside and the matter was remanded for further proceedings consistent with the writ disposition.
On remand, the trial judge held a hearing on March 14, 2006. The trial judge stated that he had initially ruled that defendant was a third felony offender but that he had been reversed by this Court. Therefore, he concluded that defendant was a four-time offender and sentenced him as such to twenty years without the benefit of probation or suspension of sentence. Defendant appeals his adjudication as a fourth felony offender.
DISCUSSION
On appeal, defendant argues that the trial court erred in finding him to be a fourth felony offender. Specifically, he asserts that the trial court erred in using the Hawaii conviction as a basis for adjudicating him a fourth offender. He contends *278 his due process rights were violated when the State failed to include the Hawaii conviction in the multiple bill, which denied him proper notice of the predicate conviction. Defendant asserts this Court's previous writ disposition is not decisive because it never ruled on the issue of notice. He further maintains the writ disposition ruled on an issue not properly before the Court because the trial court never ruled on the sufficiency of the predicate Hawaii conviction. Defendant also challenges the sufficiency of the Hawaii conviction under State v. Shelton, 621 So.2d 769 (La.1993), out of an abundance of caution.[4]
The State responds that this Court disposed of the notice issue when it granted the writ and ruled that the Hawaii conviction was admissible. It maintains that this issue cannot be revisited because defendant failed to file a writ with the Louisiana Supreme Court. It further contends that defendant had adequate notice of the Hawaii conviction.
The first multiple bill, filed January 22, 2004, alleged defendant to be a fourth felony offender based on 1) a July 23, 1996 conviction for a violation of LSA-R.S. 40:966(A), marijuana, bearing docket # 183-295 in the 34th Judicial District Court; 2) a second conviction for violating LSA-R.S. 40:966(A), marijuana, on July 13, 1999, bearing docket # 220-921 in the 34th JDC; and, 3) an April 26, 1990 conviction for a violation of LSA-R.S. 14:64.1, first degree robbery, bearing docket # 860-280 in the Criminal District Court for the Parish of Orleans.
The State filed a second multiple bill on November 17, 2005, which was before any adjudication of defendant as a multiple offender and was one day after the trial court ordered that the Hawaii conviction could not be used because it was not listed in the multiple bill. The second multiple bill again alleged defendant to be a fourth felony offender but replaced the Orleans Parish robbery conviction listed in the original multiple bill with a January 16, 1987 conviction for violation of the Hawaiian Revised Statute Section 708-810(1)(C), first degree burglary, bearing docket # 86-0280 in the Second Circuit Court of the State of Hawaii. After the multiple bill hearing, the trial judge took the matter under advisement.
Although the trial judge indicated at the sentencing hearing on remand that he had previously found defendant to be a third felony offender, nothing in the record shows that the trial court ruled on the sufficiency of the evidence as it related to the adjudication of defendant as a multiple offender or that the trial court ever adjudicated defendant a multiple offender prior to the sentencing hearing. The November 16, 2005 order was issued in response to defendant's pro se objection to the use of the Hawaii conviction as a predicate offense for a multiple offender adjudication. The order simply ruled that the Hawaii conviction could not be used to render defendant a fourth time felony offender, but the order never adjudicated defendant a multiple offender. When the State filed a second multiple offender bill of information on November 17, 2005, no adjudication of defendant as a multiple offender had been made. No proceedings were held in connection with the second multiple bill.
It has been held that a superseding indictment implicitly dismisses a first indictment. State v. Freeman, 37,312 (La.App. 2 Cir. 7/16/03), 850 So.2d 1088, 1090, writ *279 denied, 03-2466 (La.2/6/04), 865 So.2d 740. Applying this principle of law to the multiple offender proceedings before us, we find that when the State filed the second multiple bill prior to any adjudication of defendant as a multiple offender, the second multiple bill rendered the first multiple bill and all related proceedings null and void, thereby rendering defendant's issue regarding lack of notice of the Hawaii conviction moot. Accordingly, because the proceedings on the first multiple bill of information are null and void and there have been no proceedings regarding the second multiple bill of information, we vacate the defendant's adjudication as a fourth felony offender and his sentence, and we remand the case for new proceedings relating to the second multiple bill, including an admit or deny hearing and a multiple bill hearing.
Defendant requests an error patent review. Ordinarily, defendant would be entitled to an errors patent review of the habitual offender proceedings. See State v. Yrle, 05-202 (La.App. 5 Cir. 10/6/05), 916 So.2d 1197, 1200. However, considering our determination that all of the proceedings relating to the first multiple bill are null and void, defendant's request for an errors patent review is moot.
DECREE
For the reasons set forth above, we vacate the trial court's judgment adjudicating defendant as a fourth felony offender and we vacate defendant's sentence. We remand the case for new proceedings relating to the second multiple bill, including an admit or deny hearing and a multiple bill hearing.
MULTIPLE OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED.
NOTES
[1] The matter was remanded for the trial court to give defendant notice of the two-year prescriptive period for filing an application for post-conviction relief. The record in the current appeal shows the trial court issued the requisite order on October 18, 2004.
[2] The record does not show that defendant was arraigned on the second multiple bill or that a second multiple bill hearing was held.
[3] In its writ application to this Court, the State failed to attach a copy of the original multiple bill and only attached the second multiple bill of information, which set forth the Hawaii conviction as a predicate conviction. The State also failed to mention in its writ application that the attached multiple bill was the second multiple bill it had filed. Thus, at the time of its January 13, 2006 writ disposition, the State did not indicate that the multiple bill attached to its writ application was not the multiple bill upon which the challenged trial court's ruling had been based.
[4] On appeal, defendant challenges his adjudication as a fourth felony offender based solely on the use of the Hawaii conviction. Defendant does not challenge the validity of the other two predicate convictions.