984 So.2d 877 (2008)
STATE of Louisiana
v.
Taisi J. ALO.
No. 07-KA-1007.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 2008.
*879 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee, the State of Louisiana.
Jane L. Beebe, Attorney at Law, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant, Taisi J. Alo.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
SUSAN M. CHEHARDY, Judge.
This is Taisi Alo's third appeal. In his first appeal, Alo's 2003 conviction for possession of Alprazolam was affirmed. State v. Alo, 04-62 (La.App. 5 Cir. 10/12/04), 886 So.2d 1130, writ denied, 04-2992 (La.3/24/05), 896 So.2d 1035.
On January 22, 2004, the State filed a habitual offender bill alleging that the defendant was a fourth felony offender. The habitual offender bill proceedings were pending at the time the defendant filed his first appeal.
On November 16, 2005, after a hearing on the habitual offender bill, the district court ruled that the State could not use the defendant's Hawaii conviction as a predicate offense because the State had not given the defendant adequate notice in the habitual offender bill.
On November 17, 2005, the State filed a second habitual offender bill, in which one of the original Louisiana predicate convictions was replaced by the Hawaii conviction. In the November 17, 2005 habitual offender bill, the State alleged that the defendant pleaded guilty to distribution of marijuana in 1996, attempted distribution of marijuana in 1999, and first degree burglary in 1987 (the latter being "the Hawaii conviction"). On the same day, the State filed an application for supervisory writs challenging the district court's November 16, 2005 ruling that excluded the Hawaii conviction. The State included only the second habitual offender bill, filed on November 17, 2005, for this Court's review.
On January 13, 2006, this Court granted the State's writ to set aside the district court's November 16, 2005 ruling, and remanded the case for further proceedings after finding that the State met its burden of proving the validity of the defendant's predicate conviction from Hawaii. We did not address the lack of notice issue. We found,
[T]he State produced sufficient evidence to prove defendant's Hawaii conviction for "Burglary in the First Degree" and that he was represented by counsel at *880 the time of his plea. Defendant has not produced affirmative evidence of an infringement of his rights or a procedural irregularity in the taking of the plea. . . . [T]he State has met its burden of proving the validity of the defendant's predicate conviction from Hawaii, and thus, the State may use the Hawaii conviction as a predicate offense.
State v. Alo, 05-1001 (La.App. 5 Cir. 01/13/06) (not designated for publication).
On remand, the district court found the defendant to be a four-time felony offender and sentenced him to 20 years without benefit of probation or suspension of sentence. Subsequently, the defendant filed a second appeal on the district court's ruling that he was a fourth felony offender. State v. Alo, 06-473 (La.App. 5 Cir. 12/27/06), 948 So.2d 275.
On the second appeal, this Court found that when the State filed a second habitual offender bill prior to an adjudication of the defendant as a habitual offender, the second habitual offender bill rendered the first habitual offender bill and all related proceedings null and void. State v. Alo, 06-473 at p. 6, 948 So.2d at 279. We vacated the defendant's adjudication as a fourth felony offender and his sentence, and remanded the case for new proceedings relating to the second habitual offender bill, including an admit or deny hearing and a habitual offender bill hearing. State v. Alo, 06-473 at p. 7, 948 So.2d at 279.
At the habitual offender hearing on February 28, 2007, the trial court found the defendant to be a four-time felony offender. The trial court sentenced the defendant to 20 years at hard labor to be served without probation or suspension of sentence, with credit for time served. The defendant takes this timely appeal.
FACTS
The facts of the underlying conviction are not relevant to this third appeal pertaining to defendant's adjudication as a habitual offender. For reference, the facts of the underlying conviction are set forth in State v. Alo, 04-62 (La.App. 5 Cir. 10/12/04), 886 So.2d 1130, 1131, writ denied, 04-2992 (La.3/24/05), 896 So.2d 1035.
ASSIGNMENT OF ERROR NUMBER ONE
The defendant asserts the district court erred in finding him to be a fourth felony offender. The defendant argues that he showed there were irregularities in his pleas in the predicate convictions, and that the State failed to prove the pleas were validly obtained.
Specifically, the defendant claims the State failed to provide a detailed minute entry and a transcript of the Hawaii conviction showing that he was advised of his rights by the trial judge. The defendant claims the plea form in the Hawaii conviction is inadequate because it does not show that he initialed or signed the waiver of each specific right. In addition, he claims the State failed to produce plea colloquies from the Louisiana predicate convictions, and failed to show he was advised of the sentencing range for the charges, either prior to or during his guilty pleas.
The State argues that this Court has already ruled the Hawaii conviction can be used as a predicate conviction, in writ number 05-1001. The State claims the appellant has failed to show that this Court's prior determination was patently erroneous or unjust, and that the State's use of the predicate conviction should be upheld under the law of the case doctrine.
Under the discretionary principle of law of the case, an appellate court will generally not reconsider prior rulings made in the same case on subsequent appeal. *881 State v. Greene, 06-667 (La.App. 5 Cir. 1/30/07), 951 So.2d 1226, writ denied, 07-0546 (La.10/26/07), 966 So.2d 571. Reconsideration of a prior ruling is warranted when, in light of a subsequent district court record, it is apparent that the determination was patently erroneous and produced unjust results. State v. Greene, 06-667 at p. 11, 951 So.2d at 1234.
A review of the proceedings in State v. Alo, 05-1001, and State v. Alo, 06-473, p. 2 (La.App. 5 Cir. 12/27/06), 948 So.2d 275, reveals that the State included only the second habitual offender bill filed on November 17, 2005 for this Court's review in its writ application. The district court's ruling was not based on the November 17, 2005 habitual offender bill, but rather on the November 16, 2005 habitual offender bill. See State v. Greene, supra.
The law of the case doctrine is discretionary. Our ruling in writ number 05-1001 was made without benefit of all the information that later became available to this Court. Hence, in the interest of justice and clarity, we shall not rely on the writ ruling to decide this appeal.
During the February 28, 2007 habitual offender hearing, the defendant's fingerprints were taken. Thereafter, Sergeant Luis Munguia of the Jefferson Parish Sheriff's Office, an expert in the field of identification and comparison, testified he compared the defendant's fingerprints taken in court that day with the fingerprint exhibits of the defendant's three predicate convictions, and found that all the fingerprints belonged to the defendant.
There are various methods by which the State can establish a defendant's prior felony convictions, and that the defendant is the same person who was convicted of the prior felonies:
To prove that a defendant is a habitual offender, the state must establish by competent evidence the prior felony convictions and that defendant is the same person who was convicted of the prior felonies. The state may establish this by various means, such as the testimony of witnesses to prior crimes, expert testimony matching fingerprints of the accused with those in the record of prior proceedings or photographs contained in a duly authenticated record. [Citations omitted.]
State v. Baker, 00-1050, pp. 5-6 (La.App. 5 Cir. 11/15/00), 776 So.2d 1212, 1216-1217, writ denied, 02-44 (La.11/16/01), 802 So.2d 621.
The Habitual Offender Act does not require the State to use a specific type of evidence in order to carry its burden at the hearing. State v. Payton, 00-2899, p. 8 (La.3/15/02), 810 So.2d 1127, 1132. The prior convictions may be proved by any competent evidence. Id.
In the present case, the State established through the testimony of Sergeant Munguia, an expert in the field of identification and comparison, that the defendant's fingerprints taken in court matched the fingerprint exhibits of the defendant's three predicate convictions.
During the same habitual offender hearing on February 28, 2007, in regard to the Hawaii conviction, the defendant claimed the Hawaiian documents did not show that he was advised of his Boykin rights by a judge and that a transcript of the Boykin colloquy was unavailable.
With regard to the two Louisiana predicate convictions, the defendant claimed the State did not present Boykin colloquies showing that the defendant was advised of his Boykin rights, the minimum and maximum sentencing range, and that his pleas could be used to enhance subsequent convictions.
*882 The State claimed it has complied with the provisions of the habitual offender statute with regard to all the defendant's predicate convictions. The State noted that the colloquies from the Louisiana convictions showed the defendant was advised of his rights.
When the defendant's habitual offender status is based on a guilty plea in a prior conviction, the State has the burden of proving the existence of the guilty plea and that the defendant was represented by counsel. State v. Muhammad, 03-419, p. 3 (La.App. 5 Cir. 6/29/04), 880 So.2d 29, 32, writ denied, 04-2082 (La.1/7/05), 891 So.2d 669. If the State meets its burden, the burden shifts to the defendant to produce some affirmative evidence of an infringement of his rights or a procedural irregularity. Id.
If the defendant meets his burden, the burden shifts back to the State to prove the constitutionality of the plea by producing a "perfect" transcript, which shows the defendant's waiver of his Boykin constitutional rights was voluntary, informed, and express. State v. Muhammad, 03-419 at pp. 3-4, 880 So.2d at 32.
The advice of a defendant's sentencing range or the fact that the defendant's guilty plea may be used as a basis for filing a future habitual offender bill has never formed a part of the Boykin requirements for the entry of a presumptively valid guilty plea. State v. Haywood, 00-1584, p. 13 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 579. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
If the State produces anything less than a "perfect" transcript, i.e., a guilty plea form, minute entry, or imperfect transcript, the trial judge must weigh the evidence in order to determine whether the defendant's prior plea was knowing and voluntary. State v. Muhammad, 03-419 at p. 4, 880 So.2d at 32. (Citation omitted).
Regarding the Hawaii conviction, the State presented the defendant's mug shot, a certified copy of the complaint, a Guilty Plea No Contest form, a notice to appear for the arraignment and plea hearing, a Motion to Defer Acceptance of Nolo Contendere, an order granting the motion for deferred acceptance of the no contest plea, a Terms and Conditions of Deferred Acceptance of Guilty/ No Contest Plea form, an Order Modifying Terms and Conditions of Probation, an order revoking the grant of the motion for deferred acceptance, and a copy of the defendant's fingerprints.
The Guilty Plea No Contest form was signed by the defendant and his counsel. It showed that the defendant was represented by counsel and was advised of his Boykin rights. The defendant also signed the provision on the form acknowledging that the judge questioned him personally in open court to make sure he knew what he was doing in pleading no contest and understood this form before he signed it.
Thus, the Hawaiian documents contained certification of counsel, information regarding the judge, proper notices, a motion for acceptance of a nolo contendere, a minute entry showing the defendant's motion for deferred acceptance, and the defendant's fingerprints. The order granting the motion for deferred acceptance of the no-contest plea indicates the court found that the defendant entered the plea voluntarily and with the understanding of the nature of the charge and the consequences of the plea.
As to the 1996 Louisiana predicate conviction, the State presented the bill of information, a copy of the defendant's fingerprints, a transcript of the Boykin colloquy and sentencing hearing, and a *883 minute entry showing that the defendant was represented by counsel when the defendant changed his plea to guilty, was advised of his Boykin rights, and was sentenced. The transcript establishes that the defendant was represented by counsel, and that counsel advised the defendant of his Boykin rights prior to his guilty plea. In addition, during the hearing the trial judge advised the defendant of his Boykin rights prior to his guilty plea, as well as of the maximum and minimum sentences under the penalty provision of La.R.S. 40:966(A) for distribution of marijuana, and the defendant indicated that he understood.
With regard to the 1999 Louisiana predicate conviction, the State presented the bill of information, a true copy of the defendant's fingerprints, a transcript of the Boykin colloquy and sentencing hearing, and a minute entry showing that the defendant was represented by counsel when the defendant changed his plea to guilty, was advised of his Boykin rights, and was sentenced. The transcript shows the defendant was represented by counsel and that counsel advised the defendant of his Boykin rights prior to his guilty plea. In addition, during the hearing, the trial judge advised the defendant of his Boykin rights prior to his guilty plea. The judge also informed the defendant of the maximum and minimum sentences for attempted distribution of marijuana, which the defendant indicated he understood.
We find the record shows the State presented competent evidence that the defendant was the person who pleaded guilty or no contest in the predicate felony convictions. The State presented competent evidence that allowed the district court to find the defendant's prior guilty and no contest pleas knowing and voluntary.
Accordingly, there is no merit to this assignment of error.
ERROR PATENT DISCUSSION
The defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. The review of the habitual offender proceeding reveals no errors patent requiring correction.
We find no patent errors that require correction.
For the foregoing reasons, the defendant's adjudication as a fourth-felony offender and the sentence enhancement resulting therefrom are affirmed.
AFFIRMED.