SUSAN M. CHEHARDY, Judge.
|2Pefendant appeals his convictions and sentences, and counsel for appellant moves to withdraw from this matter. For the reasons that follow, we affirm defendant’s convictions and sentences.

*142
Facts and Procedural History

Because defendant pled guilty and did not proceed to trial, the facts were gathered from testimony at the pre-trial hearings and guilty plea proceedings. Late on the evening of September 6 and early on the morning of September 7, 2007, defendant and two accomplices invaded three separate homes in Jefferson Parish while armed with at least one handgun with the intent to commit a felony, such as aggravated battery, or theft of the occupants’ property. Further, on September 7, 2007, defendant unlawfully fled the custody of the Jefferson Parish Sheriffs Office.
|3On April 14, 2010, the Jefferson Parish District Attorney filed a bill of information with respect to the events of September 7, 2007,[1] charging defendant with two counts of aggravated burglary in violation of La. R.S. 14:60 (counts 1, 8), one count of attempted aggravated burglary in violation of La. R.S. 14:27:60 (count 2), and one count of simple escape in violation of La. R.S. 14:110 (count 7).[2] That same day, defendant was arraigned and pled not guilty to all charges.
On November 9, 2010, after one day of trial, defendant withdrew his former pleas of not guilty and pled guilty as charged pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). On counts 1 and 3 (aggravated burglary), the court sentenced defendant to concurrent sentences of 23 years at hard labor. On count 2 (attempted aggravated burglary), the court sentenced defendant to a concurrent sentence of 5 years at hard labor. On count 7 (simple escape), the court sentenced defendant to a consecutive sentence of 2 years at hard labor. On January 13, 2011, the trial court granted defendant’s motion for out-of-time appeal. This appeal follows.

DISCUSSION

Counsel for appellant has filed a brief averring that, after a conscientious and thorough review of the record, no non-frivolous issue exists to raise on appeal. Counsel for defendant further submits that there is no ruling of the trial court that arguably supports an appeal. Pursuant to this advisal, appellate counsel moves to withdraw from further representation of defendant.
In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),[3] the United States Supreme Court noted that, “if counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.” Anders v. California, 87 S.Ct. at 1400. The Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s *143 eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam).
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.[4] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. Id.
In the instant ease, appellate counsel’s motion to withdraw as attorney of record states that he has made a conscientious and thorough review of the trial court record but found no non-frivolous issues to raise on appeal and no rulings of the trial court which arguably would support the appeal. The motion also states that appellate counsel notified defendant that he had filed an Anders brief and that defendant has a right to file a pro se brief in the appeal.
| ¿Additionally, on May 27, 2011, this Court informed appellant via certified mail that his attorney had filed an Anders brief so appellant had until June 24, 2011, to file a pro se supplemental brief. On June 7, 2011, appellant filed a motion to file a pro se supplemental brief and was given until July 13, 2011 to file his brief. Appellant filed his brief on July 12, 2011.
lo his brief to this Court, defendant’s appellate counsel makes clear that he could not find any non-frivolous issues to raise on appeal. With respect to pre-trial motions to quash, appellate counsel points out that the statutory prescriptive period provided in La.C.Cr.P. art. 578 had not prescribed so the motions were not meritorious.
With respect to appellant’s pre-trial motion to suppress evidence, appellate counsel asserts that the searches and subsequent seizures of evidence were lawful. Appellate counsel also notes that the bill of information was proper, defendant was present for all pertinent court proceedings, defendant had the assistance of counsel throughout all court proceedings, and the sentences imposed were in accord with the plea agreement.
Accordingly, following the procedures outlined in State v. Bradford, supra at 1110-1111, this Court conducted an independent review of the pleadings, minute entries, the bill of information, and transcripts in the appeal record. Upon review, we find that the record discloses no non-frivolous issues and no rulings that would arguably support an appeal.
First, the bill of information plainly, concisely, and definitely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged. See generally La.C.Cr.P. arts. 464-66. Further, the bill of information was signed by the district attorney in the court having jurisdiction over the offense. See, La.C.Cr.P. art. 384.
|fiSecond, as reflected by the minute entries and commitment, defendant appeared *144 before the Court at each stage of the proceedings against him. He attended his arraignment, his guilty plea, and his sentencing. See, La.C.Cr.P. arts. 831 and 835.
Third, defendant filed several pre-trial motions, including motions to suppress confession, identification, and evidence as well as motions to quash. The record reflects that each of these motions was denied and defendant did not contemporaneously object to said ruling and, thus, failed to preserve appellate review of the rulings. La.C.Cr.P. art. 841.
Fourth, defendant pled guilty as charged. The record shows that defendant knew that he was pleading guilty to two counts of aggravated burglary, one count of attempted aggravated burglary, and one count of simple escape. The properly-executed waiver of rights form, commitment, and plea colloquy all indicate that he was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama. Defendant indicated during the plea colloquy that he understood that he was waiving these rights.
Defendant further stated that he had not been forced, coerced, or threatened to enter his guilty plea. He was also informed that by pleading guilty to this felony that his guilty plea could be used to enhance a penalty for any future felony conviction should he be convicted of another felony in the future.
Before pleading guilty, defendant was advised that he faced a possible sentencing range of thirty years at hard labor[5] for each count of aggravated burglaries, fifteen years for the attempted aggravated burglary, and five years for the simple escape. In exchange for his plea of guilty to each count, defendant was |7offered a sentence of 25 years at hard labor, consisting of two concurrent 23-year sentences for the two counts of aggravated burglary, a concurrent 5-year sentence for attempted aggravated burglary, and a consecutive[6] 2-year sentence for simple escape. Defendant agreed that he understood the possible consequences of pleading guilty and still wished to plead guilty.
Lastly, defendant’s sentence does not appear to present issues for appeal. Defendant’s sentence was imposed in conformity with a plea agreement and defendant cannot seek review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. La.C.Cr.P. art. 881.2(A)(2); State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Here, because defendant’s plea agreements were set forth in the record at the time of his plea, he is statutorily precluded from review. Nonetheless, our review reveals that defendant’s sentence is within the limits authorized by La. R.S. 14:60, 14:27:60, and 14:110 in effect on the date the offenses were committed.
Therefore, we find that counsel conducted a detailed and thorough review of the record and adequately complied with An-ders and State v. Jyles, by setting forth in the appellate brief “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (quoting State v. Mouton, 95-0981, p. 2 (La.4/28/95), 653 So.2d 1176, 1177). The *145 record evidences that defendant has received diligent advocacy from appellate counsel.
In his sole pro se assignment of error, defendant argues that his sentence was excessive. However, as noted above, La. C.Cr.P. art. 881.2(A)(2) precludes review of defendant’s sentence because it was imposed in conformity with his plea agreement, which was set forth in the record at the time of his plea. State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Furthermore, as also noted above, a review of La. R.S.14:60, 14:27:60, and 14:110 confirms that defendant’s sentence was within the statutory range for those offenses. Accordingly, we find no merit in this assignment of error.
Lastly, defendant requests an error patent review, which is our routine procedure pursuant to La.C.Cr.P. art. 920. Our review reveals no errors that require corrective action.
For the foregoing reasons, we affirm defendant’s convictions and sentences.

AFFIRMED

.In the interest of completeness, we note that this is the second bill of information filed with respect to the events of September 7, 2007. On November 14, 2007, the Jefferson Parish District Attorney filed the first bill of information charging defendant and two co-defendants with four counts of attempted armed robbery, one count of armed robbery, and one count of simple escape. On November 19, 2007, defendant was arraigned and pled not guilty to these charges. However, a superseding indictment implicitly dismisses a first indictment. State v. Alo, 06-473 (La.App. 5 Cir. 12/27/06), 948 So.2d 275, 278-279, citing State v. Freeman, 37,312 (La.App. 2 Cir. 7/16/03), 850 So.2d 1088, 1090, writ denied, 03-2466 (La.2/6/04), 865 So.2d 740.

. As to counts 1, 2, and 3, defendant was charged along with co-defendants Austin Lowery and Kevin P. Mayon. As to count 7, defendant was charged by himself.

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. The procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir. 1990), for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Motiton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in Bradford, supra.

. Those individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections. La. R.S. 15:824(C).

. La. R.S. 14:110(B) mandates that any sentence imposed for simple or aggravated escape shall run consecutive to any other sentence imposed.