GRAVOIS, J.
| defendant, Arturio Rodriguez, appeals his convictions and sentences resulting from guilty pleas to two counts of forcible rape and two counts of aggravated burglary. His appointed appellate counsel has filed a brief in conformity with the procedure outlined in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as counsel of record for defendant. After thorough review of the record, we agree with counsel’s assessment of the case and accordingly grant the motion to withdraw. We affirm defendant’s convictions and sentences, but remand the matter for correction of errors patent as noted in our errors patent review.
PROCEDURAL HISTORY
On April 6, 2012, a Jefferson Parish Grand Jury indicted defendant, Arturio Rodriguez, with aggravated rape in violation of La. R.S. 14:42[1] (count one) and aggravated burglary in violation of La. *1205 R.S. 14:60 (count two). On April 9, 2012, defendant was arraigned and pled not guilty. On April 11, 2012, defendant filed omnibus motions that were set for a hearing. Thereafter, in October of 2012, a Jefferson Parish Grand Jury returned a superseding bill of indictment charging defendant with two counts of aggravated rape in violation of La. R.S. 14:42 (counts one and three) and two counts of aggravated burglary in violation of La. R.S. 14:60 (counts two and four). On October 30, 2012, defendant appeared for arraignment and entered a plea of not guilty as to counts three and four only.
li>On August 12, 2014, the Jefferson Parish District Attorney amended the indictment as to counts one and three to allege forcible rape in violation of La. R.S. 14:42.1. On that same date, defendant withdrew his previously entered plea of not guilty as to both of his cases and pled guilty as charged to all counts.[2] As to counts one and three, the trial court sentenced defendant to forty years at hard labor on each count, with the sentences to run concurrently with each other and with any other sentence defendant was serving. The first two years of defendant’s sentences were to be served without the benefit of probation, parole, or suspension of sentence. As to counts two and four, defendant was sentenced to thirty years at hard labor on each count, with those sentences to also run concurrently with each other and with any other sentence defendant was serving. Defendant was also ordered to register as a sex offender for the remainder of his life.
On June 27, 2016, defendant filed a uniform application for post-conviction relief requesting an out-of-time appeal, arguing that he was denied a direct appeal. On June 29, 2016, the trial court granted defendant an out-of-time appeal. Defendant’s appeal follows.
FACTS
Because defendant pled guilty, the underlying facts were not fully developed at a trial. In the amended indictment, the State alleged that on February 7, 2009, defendant violated La. R.S. 14:42.1 in that he did forcibly rape a known female (D.O.B. 9/9/1981) (count tine) and violated La. R.S. 14:60 in that he did commit aggravated burglary of 1924 Faith Place, Apartment A, Gretna, Louisiana, belonging to a known female (D.O.B. 9/9/1981) (count two). It further alleged that on March 8, 2009, defendant violated La. R.S. 14:42.1 in that he did forcibly rape a known female (D.O.B. 8/5/1977) (count three) and violated La. R.S. 14:60 in that |3he did commit aggravated burglary of 1912 South Forest Lawn, Apartment A, in Gretna, belonging to a known female (D.O.B. 8/5/1977) (count four).
Additionally, during the colloquy, defendant stated that on February 7, 2009, within Jefferson Parish, he forced his victim to have sex with him “[b]y threats and such” and moved her from one room of the residence to another without her desire to be moved when he did not have the authority to enter the residence. Also during the colloquy, defendant admitted that on March 8, 2Q09, within Jefferson Parish, he entered a residence without authority armed with a shotgun with which he threatened the victim and had sexual intercourse with the victim.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford, supra, appoint *1206 ed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, supra, and State v. Jyles, supra, appointed' counsel requests permission to withdraw as counsel of record for defendant,
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical.determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every mer-itless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The court .explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an, advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse .impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant appellate counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id. '
ANALYSIS
Defendant’s appellate counsel asserts that after a detailed review of the record, she ■ could find no non-frivolous issues to raise'on appeal. Counsel submits that defendant was fully informed of the consequences of changing his plea. Counsel notes that-defendant entered guilty pleas to two counts of forcible rape and to two counts of aggravated burglary and that the trial court explained to defendant each of the rights necessary to ensure a knowing and intelligent waiver of rights. Counsel avers that the trial court advised defendant that he could be sentenced to not less than five and not more than forty years on each charge of forcible rape and that two years-of the sentences would be served without the benefit of parole, ^probation, or suspension of sentence. As to the charges of aggravated burglary, counsel indicates that the trial court informed defendant that he could be sentenced to not less than one year nor. more than thirty years on each count. Counsel provides that defendant was sentenced in accordance with the plea agreement and he is now restricted by law from appealing his sentence.
Appellate counsel has filed a motion to withdraw as counsel of record for 'defen *1207 dant which states that she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal. Counsel asserts that she has notified defendant of the filing of this motion and has advised defendant of his right to file a pro se brief in this appeal. Additionally, this Court notified defendant by certified mail that an Anders brief had been filed and that he had until March 8, 2017 to file a pro se supplemental brief. As of the date of the case’s submission for decision, defendant had not filed a brief with this Court!
The State filed a response to defendant’s appeal, agreeing that counsel has provided a diligent and complete procedural history of the case and found no non-frivolous issues to be raised on appeal. It submits that counsel has conformed with the procedures set forth in Anders and Jyles. It contends that counsel’s motion to withdraw should be granted, -and it believes that there are no discoverable patent errors on the face of the record.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The amended indictment properly charged' defendant' and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. See La. C.Cr.P. arts. 464-466. As reflected by the minute entries and the commitment,' defendant appeared at each stage of. the | (^proceedings against him. As such, defendant’s presence does not present any issues supporting an appeal.
Further, defendant pled guilty as charged to forcible rape in violation of La. R.S. 14:42.1 (counts one and three), and to aggravated burglary in violation ’ of La. R.S. 14:60 (counts two and four). When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review, of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Defendant also .entered unqualified guilty pleas, and therefore, all non-jurisdictional defects are waived. No rulings were preserved for appeal under State v. Crosby, 338 So.2d 584 (La. 1976).
At his second arraignment, defendant’s not guilty pleas to only counts three and four in the subsequent indictment is an irregularity in his arraignment that he waived by later pleading guilty. Here, the State filed a subsequent indictment charging defendant with two counts of aggravated rape and two counts of aggravated burglary. The record indicates that when defendant was arraigned on this subsequent indictment, he entered a plea of not guilty as to counts three and four only. This Court has held that a superseding indictment implicitly dismisses a first. State v. Para, 11-495 (La. App. 5 Cir. 12/13/11), 81 So.3d 140, 142, n.1; State v. Alo, 06-473 (La. App. 5 Cir. 12/27/06), 948 So.2d 275, 278-79. Because of this, it appears that the State’s subsequently-filed indictment wherein it added new charges against defendant was a superseding indictment which vitiated the earlier indictment, and defendant should have been arraigned on all four counts, rather than only on counts three and four. Nonetheless, defendant waived any irregularity in the arraignment or lack thereof by pleading later guilty. La. C.Cr.P. art. 555. See State v. Lee, 15-08 (La. App. 5 Cir. 6/30/15), 171 So.3d 1214, 1219; State v. Clofer, 11-494 (La. App. 5 Cir. 11/29/11), 80 So.3d 639, 643.[3]
*1208 A review of the record reveals no irregularities in defendant’s guilty pleas. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[4] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
The record shows that defendant was aware he was pleading guilty to two counts of forcible rape in violation of La. R.S. 14:42.1 (counts one and three) and two counts of aggravated burglary in violation of La. R.S. 14:60 (counts two and four). Defendant was properly advised of his Boykin rights. In the waiver of rights form, defendant placed his initials next to a provision indicating that his attorney had advised him of his right to a trial by jury, to confront his accusers, and his privilege against self-incrimination, indicating that he understood he was waiving these rights. During the colloquy with the trial judge, defendant was again informed of these rights. During the colloquy, defendant indicated that he understood that he was waiving these rights.[5]
Defendant stated that he had discussed the matters fully with his attorney, and was satisfied with her representation of him. He denied being under the influence of alcohol or any drugs and reported that he was twenty-four years old. He stated that he had completed eleventh grade and knew how to read and write. |RPefendant acknowledged that he had reviewed and read the waiver of rights form with his attorney, understood what he had read, and that his signature appeared on the bottom of the form. He was advised of his right to an attorney and his right to appeal upon conviction or to appeal his sentences if they were not imposed pursuant to the plea agreement. The trial judge explained that if defendant pled guilty, he was waiving his right to assert any allegation of defect. Defendant suggested that he understood this.
Defendant specified that he wanted to plead guilty and acknowledged that by doing so he was admitting that he committed the crimes to which he was pleading guilty. Defendant indicated that he believed the pleas were in his best interest. Defense counsel stated that she believed that the pleas were knowingly, intelligently, freely, and voluntarily entered by defendant and were in his best interest.[6]
Defendant indicated that he understood the nature of the charges against him and *1209 the possible penalties and confirmed that neither he nor his family had been forced, intimidated, coerced, threatened, or promised anything for entering his guilty pleas. The waiver of rights form reflects that if the trial court accepted his pleas of guilty, defendant would be sentenced to “40 yrs concurrent as to all counts w/CTS concurrent w/11-2048.” Therefore, the form does not contain the specific sentences defendant would receive on each count or that the first two years of his forcible rape sentences would be served without the benefit of parole, probation, or suspension of sentence. However, defendant was informed during the colloquy of the full sentencing ranges for the offenses, and the actual penalties that would be imposed upon acceptance of his guilty pleas, including that “[t]he first two years I nwould be without the benefit of probation, parole or suspension of sentence.” The trial judge stated that he was convinced that defendant understood the nature of each of the charges against him and the possible penalties, found a basis for the pleas, and accepted defendant’s pleas as knowingly, intelligently, freely, and voluntarily entered, in compliance with La. C.Cr.P. art. 556.1(A)(1).
Defendant’s sentences do not present issues for appeal. His sentences fall within the sentencing ranges prescribed by the statutes. See La. R.S. 14:42.1; La. R.S. 14:60. Further, defendant’s sentences were imposed pursuant to and in conformity with the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46; State v. Washington, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Defendant was advised during the colloquy that for his convictions of forcible rape, he would receive forty years at hard labor on each count with the first two years being without the benefit of probation, parole, or suspension of sentence, and thirty years at hard labor as to the two counts of aggravated burglary, with those sentences to run concurrently with each other and with any other sentence defendant might be serving.
As to the two counts of aggravated burglary, the trial judge stated:
With regard to your pleas of guilty to counts two and four in matter number 12-1863 and the crimes of aggravated burglary, the Court does hereby sentence you to serve thirty years at hard labor in the custody of the Department of Corrections of the State of Louisiana. Those sentences shall run concurrently with each other and concurrently with any other sentence you might be serving, the Court would give you credit for time served.
Despite the trial judge’s failure to specifically state that defendant received a thirty-year sentence on each count, we find that a thirty-year sentence on each | incount was imposed since the trial judge stated that “those sentences” were to run concurrently “with each other.”[7]
Further, contrary to the waiver of rights form, it appears that the trial judge failed to expressly order the instant sentences to run concurrently with the sentence in district court case number 11-2048. Nonetheless, the trial judge implicitly ordered defendant’s sentences in the instant matter and his sentence in district court case number 11-2048 to run concurrently since *1210 he stated that the sentences were to be served concurrently with any other sentence defendant would be serving.
Therefore, we find that' defendant was sentenced in accordance with the plea agreement. Moreover, defendant’s plea agreement was beneficial to him in that he was originally indicted with two counts of aggravated rape for which he could have received life sentences; however, the State-amended those charges to forcible rape.
Because appellate counsel’s brief adequately demonstrates, by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, appellate counsel’s motion to withdraw as attorney of record is hereby granted.
ERRORS PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La. 1975), and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990).
The transcript and the commitment of the sentencing contain discrepan-’ cies. When there is a discrepancy between the minute entry and the transcript, the’ Intranscript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983), The transcript indicates that the trial judge sentenced defendant as follows:
With regard to your pleas of guilty,in matter number 12-1863 to counts one and. three, the crimes of forcible rape,, the Court does hereby sentence you as. to each of those counts to forty years at hard labor in the custody of the Department of Corrections of the State of Louisiana. The Court runs those sentences concurrently with each other and concurrently with any other sentence you might be serving, and the Court gives you credit for time served,
With-regard to your pleas of guilty to counts two and four in matter number 12-1863 and the crimes of aggravated burglary, the Court does hereby sentence you to serve thirty years at hard labor in the custody of the Department of Corrections of the State of Louisiana, Those sentences shall run concurrently with each other and concurrently with any other sentence 'you might be serving, the Court would give you credit for time served.
With regard to your sentences as to ' forcible rape, the' first two years of those sentences are without benefit of probation, parole or suspension of sentence.
The minute entry/commitment reflects that “[t]he Defendant is sentenced to 40 years on counts 1, 3.concurrently. 30 years, on counts 2, 4 concurrently.” It further states that defendant was sentenced to imprisonment at hard labor for forty years and that two years of the sentence was to be served without the benefit of parole, probation, or suspension of sentence. Lastly, it provides that defendant’s “above sentence” was to run concurrently with the sentence in district court case number 11-2048 and with any time already serving.
The commitment therefore does not clearly reflect that all of defendant’s sentences were to be- served at hard labor and the two-year restriction- of benefits for both of defendant’s sentences for forcible rape. Further, according to the transcript, the trial judge did not explicitly order that the instant sentences were to run concurrently with the sentence in district court case number 11-2048 as reflected by the commitment.
The record also reveals inconsistencies between,the transcript and the Uniform Commitment Order. The Uniform Commitment Order does not contain 112the dates of all of the offenses. It merely provides the offense date(s) as February 7, 2009, and *1211 does not include the March 8, 2009 offense dates for counts three and four. Defendant pled guilty as charged, and the amended indictment lists both February 7, 2009 and March 8,2009 as the dates of the offenses.[8] Thus, we remand the matter for correction of the Uniform Commitment Order as to the dates of the’ offenses. See State v. Castillo, 13-552 (La. App. 5 Cir. 10/29/14), 167 So.3d 624, 654, writs denied, 14-587 (La. 11/7/14), 152 So.3d 172, and 14-2567 (La. 9/18/15), 178 So.3d 145. The Uniform Commitment Order also incorrectly provides that “2 years of sentence to be served without benefit of parole, probation or suspension.” It also contains a comment that defendant’s sentence was to run concurrently with the sentence in 11-2048 and does not indicate that defendant’s sentences were to be served concurrently with any other sentence defendant was serving, as stated by the trial judge at sentencing according tothe transcript.[9]
Accordingly, we remand this matter for correction of the commitment and Uniform Commitment Order as noted in this errors patent review to ensure accuracy of the record. See State v. Lyons, 13-564 (La. App. 5 Cir. 1/31/14), 134 So.3d 36, writ denied, 14-481 (La. 11/7/14), 152 So.3d 170 (citing State v. Long, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142). Further, the 24th Judicial District Court Clerk of Court is directed to transmit the corrected commitments to the officer in charge of the institution to which defendant has been sentenced and the Department of Corrections’ legal department. See State v. Long, 106 So.3d at 1142 (citing La. C.Cr.P. art. 892(B)(2)).
I ^CONCLUSION
For the foregoing reasons, defendant’s convictions and sentences are affirmed. Appellate counsel’s motion to withdraw as counsel for defendant is granted. The matter is remanded to the district court for correction of the minute entry, minute entry/commitment, and Uniform Commitment Order as noted herein.
AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS

. La. R.S. 14:42 was recently amended in 2015 by Act No. 184 and Act No. 256, which renamed the crime as first degree rape.

. Also on August 12, 2014, defendant entered a guilty plea and was sentenced in district court case number 11-2048 to one count of carnal knowledge of a juvenile. Defendant has also appealed that conviction, which has been docketed in this Court as case number 17-KA-36.

. The record indicates that defendant filed several omnibus motions before the subsequent indictment was filed, which do not appear to have been ruled upon, readopted, or *1208 reurged prior to the time defendant entered his guilty pleas. Nevertheless, defendant waived any argument regarding these outstanding motions by pleading guilty without raising the issue. See State v. Corzo, 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. During the colloquy, defendant also indicated that he reviewed the Notification of Sex Offender document with his attorney, discussed the requirement that he register as a sex offender for life for his convictions of forcible rape, and signed the document.

. In North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the Court held that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.” Although defendant agreed that the pleas were in his best interest, he also admitted his guilt in this matter. This is therefore clearly not a guilty plea made pursuant to Alford.

. The trial court must impose a separate sentence for each separate count on which the defendant was convicted. La. C.Cr.P. art. 879; State v. Cambre, 04-1317 (La. App. 5 Cir. 4/26/05), 902 So.2d 473, 485, writ denied, 05-1325 (La. 1/9/06), 918 So.2d 1039.

. It is noted that the waiver of rights form and the colloquy indicate the dates of the offenses as February 7, 2009 on counts one and two, and March 8, 2009 on counts three and four.

. The Uniform Commitment Order contains the name of the offense and the statutory citation for defendant's convictions of aggravated burglary. For defendant’s convictions of 'forcible rape, it contains the correct statutory citation but not the name of the offense.